UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENITO HERNANDEZ MARTINEZ, | CASE NO. 2:26-cv-02098-JHC |
| Petitioner, | ORDER |
| v. | |
| BRUCE SCOTT et. al,, | |
| Respondents. | |

This matter comes before the Court on Benito Hernandez Martinez's Petition for Writ of Habeas Corpus.  Dkt. # 1.  The Court has considered the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law.  Being fully advised, for the reasons below, the Court DENIES the Petition.

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241 (a), (c).  "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief."  *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

It is difficult to discern the causes of action that Petitioner, who proceeds pro se, seeks to invoke.  *See generally* Dkt. # 1.  It seems possible that Petitioner seeks to raise a constitutional

ORDER - 1

challenge to the immigration judge's (IJ) bond denial that occurred on December 15, 2026. *See* Dkt. # 1; Dkt. # 8-4. But even if the Court were to make this assumption, Petitioner alleges no facts that would allow the Court to find abuse of discretion by the IJ. *See generally* Dkt. # 1; *see Soriano v. Hernandez*, __ F. Supp. 3d __, 2026 WL 969764, at *3-4 (W.D. Wash. Apr. 10, 2026) (finding abuse of discretion where IJ made findings that were counter to its flight risk determination used to deny bond).

The rest of the claims raised have already been considered and rejected in a previous habeas petition filed by Petitioner and other similarly situated petitioners. *See Dominguez v. Hermosillo*, 2025 WL 3537627, at *1 (W.D. Wash. Dec. 10, 2025). And because there are no alleged changed circumstances or other exception to the abuse of writ doctrine, Petitioner's detention cannot again be challenged here. *See Brown v. Muniz*, 889 F.3d 661, 667-68 (9th Cir. 2018).

For these reasons, the Court DENIES the petition.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of July, 2026.

John H. Chun
United States District Judge

ORDER - 2